# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIM NOONAN,

            Plaintiff,

v.

JOSEPH SCHWEITZER,

            Defendant.

Case No. 16-CV-1723-JPS

**ORDER**

On December 29, 2016, the plaintiff filed this action.[1] The document the plaintiff filed is captioned as follows: "PLAINTIFF'S EX-PARTE NOTICE AND APPLICATION FOR: AN ORDER TO SHOW CAUSE: A TEMPORARY RESTRAINING ORDER RE: A PRELIMINARY INJUNCTION; AND MEMORANDUM OF POINTS AND AUTHORITIES." (Docket #1 at 1). The document begins by asking for a temporary restraining order forbidding the defendant from foreclosing on the plaintiff's home. *Id.* Beyond this request, however, the remainder of the document is in the style of a standard civil complaint. It includes allegations of the parties' citizenship, the Court's jurisdiction, the transactions underlying the action, and twenty-five counts alleging violations of various federal laws. *Id.* at 2-11.

To the extent the document may be construed as a request for a temporary restraining order, as opposed to a standard complaint, it must be denied for two reasons. First, it appears to be barred by the *Rooker-Feldman* doctrine. That rule:

> precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be,

---

[1] Tim Noonan also names Linda Noonan as a co-plaintiff, but she did not sign the document, and as neither she nor Tim is represented, she cannot be included as a party. *See* Fed. R. Civ. P. 11(a).

> the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment. Therefore, if a claim is barred by the *Rooker–Feldman* doctrine, the federal court lacks subject matter jurisdiction over the case.

*Taylor v. Federal Nat. Nortg. Ass'n*, 374 F.3d 529, 532 (7th Cir. 2004) (citations and quotations omitted). As applied to this case, *Rooker-Feldman* strips this Court of power to overturn a state court judgment of foreclosure. The Court's research reveals that the defendant sued the plaintiff in Racine County Circuit Court and obtained a judgment of foreclosure on August 31, 2016. *Joseph R. Schweitzer v. Timothy P. Noonan et al.*, 2016-CV-786 (Docket #30). Thus, the *Rooker-Feldman* doctrine precludes the Court from granting the plaintiff the relief he seeks.[2]

Second, even if *Rooker-Feldman* did not apply, the plaintiff's request falls far short of the showings required for entitlement to a temporary restraining order. As noted by the Seventh Circuit and the U.S. Supreme Court, "[a] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Goodman v. Ill. Dept. of Fin. and Prof. Reg.*, 430 F.3d 432, 437 (7th Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). Temporary restraining orders are assessed using the same standards as used for preliminary injunctions, and require the plaintiff to prove the

---

[2]This is not to say that the remainder of the plaintiff's complaint is not also barred by *Rooker-Feldman*. His other claims appear to seek money damages for violations of federal laws occurring at the time of the original land contract transaction. (Docket #1 at 11). Those claims do not seek to stop the effect of the foreclosure judgment as directly as the request for a temporary restraining order. However, they may still be barred if the claims are "inextricably intertwined" with the judgment. *Taylor*, 374 F.3d at 533. Without further briefing and factual development, the Court cannot say whether the other claims are "inextricably intertwined" with the foreclosure judgment.

following elements: (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014).

The plaintiff's motion/complaint includes only two statements of those elements, posed merely as legal conclusions. (Docket #1 at 2, 10). He otherwise presents no argument that the elements are present here. Further, the allegations of the complaint portion of the document are not verified, so they cannot function as evidence themselves.[3] The Court is left only with the collection of exhibits appended to the motion/complaint, and those documents, standing alone, do not make a clear showing as to any of the elements. *See* (Docket #1-1). The plaintiff's request for a temporary restraining order must, therefore, be denied.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for a temporary restraining order (Docket #1) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of December, 2016.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge

---

[3] The document supplies blank lines for a notary's signature and stamp, but those lines have been crossed out.